IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VELSICOL CHEMICAL, LLC, | ) | |
|     Plaintiff, | ) | Case No. 15-cv-02534 |
| | ) | |
| v. | ) | Judge John W. Darrah |
| | ) | |
| WESTCHESTER FIRE INSURANCE COMPANY, as successor in interest to INTERNATIONAL INSURANCE COMPANY, | ) ) ) ) | Magistrate Judge M. David Weisman |
|     Defendant. | ) | |

**WESTCHESTER FIRE INSURANCE COMPANY'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT ON CERTAIN COUNTS OF PLAINTIFF'S COMPLAINT**

Defendant, Westchester Fire Insurance Company ("Westchester"), with respect to International Insurance Company policy number 523 238865 3, by its attorneys, Cohn Baughman & Martin, pursuant to Local Rule 56.1(b)(3)(c), submits this Statement of Material Facts in Support of its Motion for Partial Summary Judgment on Certain Counts of Plaintiff's Complaint.

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. There is complete diversity between the parties, and the amount in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of $75,000. This Court has venue over this matter pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events and omissions giving rise to the claims that are the subject of this litigation occurred within this judicial district.

## II. DESCRIPTION OF THE PARTIES

2. Velsicol is an Illinois limited liability company organized under the laws of the State of Illinois. *See* ECF 1, ¶ 4.

3. Velsicol is an Illinois limited liability company with a principal place of business in Rosemont, Illinois. *Id.* Prior to September 30, 2008, Velsicol was known as Velsicol Chemical Corporation (referred to here as "Velsicol") and was a Delaware corporation with its principal place of business in Rosemont, Illinois. *Id.*

4. International Insurance Company ("International") issued policy number 523 238865 3 ("International Policy") to Velsicol (Velsicol's predecessor) for the period of January 1, 1983 through January 1, 1986. *See* ECF 1, Ex. 1.

5. Westchester is a Pennsylvania corporation and it transacted business within the state of Illinois at all relevant times. Westchester has assumed responsibility for the International Policy. *See* ECF 21, ¶¶ 6-7.

### III. BACKGROUND

#### a. The Prior Illinois State Court Action Concerning the Same Sites

6. On October 15, 1998, Velsicol filed a Second Amended Complaint in an action in the Circuit Court of Cook County, Illinois, County Department, Law Division entitled, "*Fruit of the Loom, Inc. and Velsicol Chemical Corporation v. Admiral Insurance Company, et al.*", Case No. 97 L 13555 ("Illinois State Court Action"), against, among others, International. *See* Orlando Declaration, Exhibit A, p. 1.

7. In the Illinois State Court Action, Velsicol alleged claims for declaratory judgment and/or breach of contract against, among others, International (for whose policy Westchester is now responsible). *See* Orlando Declaration, Exhibit F, p. 2, Request No. 2.

8. Velsicol sought defense and indemnity coverage under the International Policy as to numerous sites including certain sites at issue in the present case. *See* Orlando Declaration, Exhibit F, p. 2, Request Nos. 2-3. Among those sites are the following: (a) Chattanooga Site

(Counts VI and XIV of the case at bar); b) Marshall Site (Count VIII of the case at bar); c) Mathis Shaver's Farm Site (Count IX of the case at bar); d) Mathis Marble Top Site (Counts X and XV of the case at bar); and e) Memphis Site (Counts XI and XVI of the case at bar). *See* Orlando Declaration, Exhibit A, Counts 7 and 8, Counts 29 and 30, Counts 37 and 38, Counts 35 and 36, and Counts 39 and 40 and Exhibit F, p. 2, Request No. 3.

    **b. The Circuit Court of Cook County Granted Summary Judgment Against Velsicol and in Favor of Westchester**

  9. On July 25, 2006, International filed a motion for summary judgment in the Illinois State Court Action seeking a finding that Velsicol had failed to provide timely notice to International resulting in a breach of the notice provision under the International Policy as to claims relating to, among others, the four sites identified as the: a) Marshall Site; b) Mathis Shaver's Farm Site; c) Mathis Marble Top Site; and d) Memphis Site. *See* Orlando Declaration, Exhibit B, p. 4.

  10. On October 19, 2006, the trial court in the Illinois State Court Action granted International's motion for summary judgment pursuant to 735 ILCS 5/2-1005 based on late notice as to all of the sites at issue in the motion including each of the four above-referenced sites; Marshall Site; Mathis Shaver's Farm Site; Mathis Marble Top Site; and Memphis Site. *See* Orlando Declaration, Exhibit C, p. 7 ("[W]e grant [International's] motion for summary judgment concerning certain sites as set forth in [International's] motion.").

  11. Velsicol never sought an appeal of the trial court's October 19, 2006 summary judgment ruling which thereafter became a final judgment after the Illinois State Court Action was dismissed on January 15, 2008. *See* Orlando Declaration, Exhibit F, p. 3, Request No. 7.

      **c.    The Parties Agreed to Dismiss the Case and Entering into a One-Year Tolling Agreement**

12. Additionally, on January 15, 2008, the trial court entered an agreed order stating that all claims and counterclaims as between Velsicol and International (among others) were voluntarily dismissed, without prejudice. *See* Orlando Declaration, Exhibit D, p. 1 and Exhibit F, pp. 3-4, Request No. 8.

13. Velsicol and International also entered into a tolling agreement ("Tolling Agreement") effective January 15, 2008 which stated, in pertinent part, in paragraph 4 as follows:

> 4. The Parties acknowledge herein that the claims alleged in the Lawsuit are subject to statutory limitations and repose periods. Accordingly, the Parties, after dismissal without prejudice, **shall have one year following date of dismissal of the Lawsuit**, in which to re-file the Lawsuit. The one-year-period may be extended only by a written agreement signed by all of the Parties…. (Emphasis added).

*See* Orlando Declaration, Exhibit E, p. 2 and Exhibit F, p. 4, Request No. 10.

14. The one-year deadline to refile the lawsuit expired on January 15, 2009 and Velsicol failed to file any such lawsuit in the Circuit Court of Cook County prior to that time. *See* Orlando Declaration, Exhibit F, p. 5, Request No. 12.

15. Likewise, the one-year period to refile the lawsuit was never extended by any written agreement of the parties to the Tolling Agreement. *See* Orlando Declaration, Exhibit F, pp. 4-5, Request No. 11.

      **d.    The Case at Bar**

16. On March 25, 2015, Velsicol filed a sixteen-count Complaint against Westchester, involving many of the same issues and sites at issue in the Illinois State Court Action. *See* ECF 1.

17. On June 19, 2015, Westchester filed its Amended Answer and Affirmative Defenses. *See* ECF 21.

18. As part of those affirmative defenses, Westchester asserted affirmative defenses of *res judicata*, waiver, collateral estoppel, and the statute of limitations. *Id.*

### e. Commonalities Between the Case at Bar and the Prior Illinois State Court Action

19. Many of the same sites giving rise to this case were sites previously litigated in the Illinois State Court Action. Specifically, the following five sites are named in both the current case and in the prior Illinois State Court Action:

| Site Name | Count Number in the Illinois State Court Action (Ex. A) | Count Number in the Case at Bar (ECF 1) |
| --- | --- | --- |
| Chattanooga Site | Counts 7-8 | Counts VI and XIV |
| Marshall Site | Counts 29-30 | Count VIII |
| Mathis Shaver's Farm Site | Counts 37-30 | Count IX |
| Mathis Marble Top Site | Counts 35-36 | Counts X and XV |
| Memphis Site | Counts 39-40 | Counts XI and XVI |

### f. Counts III and IV: Acevedo

20. For Counts III and IV, Velsicol admits in the Complaint that in 2001, the plaintiff in the *Acevedo* Case amended his complaint to add Velsicol as a party. *See* ECF 1, ¶ 85.

21. After becoming aware of the *Acevedo* Case in 2001, Velsicol tendered the claim to its insurers including International. *Id.*, ¶ 90.

22. International failed to accept Velsicol's tender of its defense in the *Acevedo* Case. *Id.*, ¶ 97.

### g. Counts V and XII: Arlington Blending Site

23. Velsicol was joined as a party in the matter of *United States of America v. Monsanto Company, William Bell, and Robert Meeks,* Case No. 86-2862 pending in the United States District Court for the Western District of Tennessee, Western Division (the "Arlington

5

Blending Litigation") pertaining to a site known as the Arlington Blending and Packaging Superfund Site in Arlington, Shelby County, Tennessee (the "Arlington Blending Site"). *See* ECF 1, ¶ 112.

24. Velsicol was identified as a potentially responsible party for the contamination of the environmental conditions at the Arlington Blending Site in 1991 including as the manufacturer and supplier of the chlordane at issue as well as of other chemicals found at the Arlington Blending Site. *Id.*, ¶ 115.

25. Velsicol then tendered its defense of the claims relating to the Arlington Blending Site to its insurers, including International, before August 16, 1996. *Id.*, ¶¶ 119, 122.

26. International failed to accept Velsicol's tender. *Id.*, ¶ 120.

        **h.**     **Counts VII and XIII: Cypress Creek Site**

27. Velsicol's releases of wastewater into Cypress Creek released pesticide contamination into the soils and sediments along the creek. *See* ECF 1, ¶ 154.

28. "In 2003 and 2004", Velsicol agreed to settlements for the State of Tennessee's past Superfund expenses related to Cypress Creek and the remediation of the environmental conditions alleged to have been caused by Velsicol. *Id*. at ¶ 158.

29. Velsicol tendered the claim related to the property damage resulting from the discharge of wastewater into Cypress Creek (the "Cypress Creek Claim") to its insurers, including International. *Id.*, ¶ 165.

30. International failed to accept Velsicol's tender of its defense in the Cypress Creek Claim. *Id.*, ¶ 170.

|  |  |
|---|---|
| Dated: August 3, 2016 | Respectfully submitted, |
|  | */s/ Michael R. Orlando* <br> Michael R. Orlando |

Michael R. Orlando
ARDC# 6192138
Christopher P. Hemphill
ARDC# 6300005
Cohn Baughman & Martin
333 West Wacker Drive
Suite 900
Chicago, Illinois 60606
(312) 753-6600
michael.orlando@mclolaw.com
Attorneys for Westchester Fire Insurance Company,
with respect to International Insurance Company
policy number 523 238865 3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 3, 2016, he electronically filed the above and foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to all parties of record.

*/s/ Michael R. Orlando*
Michael R. Orlando

N:\ACE-Data\CASES\Velsicol Chem 2-1094\Pleadings\2015 DJ\Motion for Partial Summary Judgment\Westchester Proposed Findings of Fact for MPSJ.docx