**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VELSICOL CHEMICAL, LLC, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | Case No. 15-cv-2534 |
| v. | ] | |
| | ] | Hon. Judge John W. Darrah |
| WESTCHESTER FIRE INSURANCE | ] | |
| COMPANY, | ] | Hon. Mag. Judge M. David Weisman |
| | ] | |
| Defendant. | ] | |

**VELSICOL CHEMICAL, LLC'S RESPONSE TO DEFENDANT'S
LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS**

Plaintiff, Velsicol Chemical, LLC ("Velsicol"), pursuant to Local Rule 56.1, and in response to the Local Rule 56.1 Statement of Facts submitted by Defendant Westchester Fire Insurance Company's ("Westchester"), states as follows:

1. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1332. There is complete diversity between the parties, and the amount in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of $75,000. This Court has venue over this matter pursuant to 28 U.S.C. §1391(b) as a substantial part of the events and omissions giving rise to the claims that are the subject of this litigation occurred within this judicial district.

**Response:** Velsicol admits the allegations set forth in paragraph 1.

2. Velsicol is an Illinois limited liability company organized under the laws of the State of Illinois. *See* ECF 1, ¶4.

**Response:**     Velsicol admits that it is a limited liability company, but denies that it is an Illinois limited liability company and states that it is a Delaware limited liability company.[1]

3.     Velsicol is an Illinois limited liability company with a principal place of business in Rosemont, Illinois.  *Id.* Prior to September 30, 2008, Velsicol was known as Velsicol Chemical Corporation (referred to here as "Velsicol") and was a Delaware corporaton with its principal place of business in Rosemont, Illinois.  *Id.*

**Response:**     Velsicol admits that it has its principal place of business in Rosemont, Illinois and that Velsicol Chemical Corporation was a Delaware Corporation with its principal place of business in Rosemont, Illinois. Velsicol denies that it is an Illinois limited liability company and states that it is a Delaware limited liability company and is a citizen of Delaware.  *See* footnote 1.

4.     International Insurance Company ("International") issued policy number 523 238865 3 ("International Policy") to Velsicol (Velsicol's predecessor) for the period of January 1, 1983 through January 1, 1986.  *See* ECF 1, Ex. 1.

**Response:**     Velsicol does not contest the allegations set forth in paragraph 4.

5.     Westchester is a Pennsylvania corporation and it transacted business within the state of Illinois at all relevant times.  Westchester has assumed responsibility for the International Policy.  *See* ECF 21, ¶¶ 6-7.

**Response:**     Velsicol does not contest the allegations set forth in paragraph 5.

6.     On October 15, 1998, Velsicol filed a Second Amended Complaint in an action in the Circuit Court of Cook County, Illinois, County Department, Law Division entitled, *"Fruit of the Loom, Inc. and Velsicol Chemical Corporation v Admiral Insurance Company, et al.,*

---

[1] Velsicol and Westchester are in the process of finalizing and submitting a stipulation to correct the jurisdictional allegations. The stipulation will reflect that Velsicol is a Delaware limited liability company and a citizen of Delaware.

Case No. 97 L 13555 ("Illinois State Court Action"), against, among others, International. See Orlando Declaration, Exhibit A, p. 1.

**Response:** Velsicol admits that it was joined as a plaintiff in the second amended complaint that was filed on October 15, 1998, in the case then pending in the Circuit Court of Cook County, Law Division, as *Fruit of the Loom, Inc. v. Admiral Insurance* Company, *et* al., Case No. 97 L 13555, and that a copy of that complaint is attached as Exhibit A to the Orlando Declaration. To the extent that paragraph 6 implies that Velsicol had been a party to that litigation prior to the filing of the Second Amended Complaint, Velsicol denies the allegation. *See* Orlando Declaration, Ex. C.; Goodman Declaration, ¶12.

7.      In the Illinois State Court Action, Velsicol alleged claims for declaratory judgment and/or breach of contract against, among others, International (for whose policy Westchester is now responsible). *See* Orlando Declaration, Exhibit F, p. 2, Request No. 2.

**Response:** Velsicol admits that it sought the relief cited in paragraph 7 but denies the allegations of this paragraph to the extent that paragraph 7 implies that International owed obligations and had rights under the Excess Policy at the time it was party to the State lawsuit as those rights and obligations had been transferred by it in 1993 prior to the commencement of the State Lawsuit. *See* Statement of Additional Facts, ¶3.

8.      Velsicol sought defense and indemnity coverage under the International Policy as to numerous sites including certain sites at issue in the present case. *See* Orlando Declaration, Exhibit F, p. 2, Request Nos. 2-3. Among those sites are the following: a) Chattanooga Site (Counts VI and XIV of the case at bar); b) Marshall Site (Count VIII of the case at bar); c) Mathis Shaver's Farm Site (Count IX of the case at bar); d) Mathis Marble Top Site (Counts X and XV of the case at bar); and e) Memphis Site (Counts XI and XVI of the case at bar). See

Orlando Declaration, Exhibit A, Counts 7 and 8, Counts 29 and 30, Counts 37 and 38, Counts 35 and 36, and Counts 39 and 40 and Exhibit F, p. 2, Request No. 3.

**Response:**     Velsicol admits that it sought declaratory relief concerning its rights and the obligations of various insurers including International with respect to various claims that had been asserted against Velsicol at various sites and that Velsicol's complaint in the present lawsuit relates to claims made at some of the same sites as those that were referenced in the Illinois State Court Action. Velsicol admits that claims at the Chattanooga Site, at the Marshall Site, at the Mathis Shavers' Farm site, at the Mathis Marble Top site, and at the Memphis site were at issue in the Illinois State Court Action and that claims pertaining to those site, as well as others, are at issue in the present case. But Velsicol denies the allegations of this paragraph to the extent that it asserts that Velsicol pursued claims against Westchester with respect to the International Policy or that Westchester participated in the State Court Lawsuit or asserted that it had assumed the rights and obligations owed under the excess Policy in connection with the State Court Lawsuit. Velsicol pursued claims against International and not Westchester in the State Lawsuit. See Statement of Additional Facts, ¶¶ 1, 3, 4.

9.     On July 25, 2006, International filed a motion for summary judgment in the Illinois State Court Acton seeking a finding that Velsicol had failed to provide timely notice to International resulting in a breach of the notice provision under the International Policy as to claims relating to, among others, the four sites identified as the: a) Marshall Site; b) Mathis Shaver's Farm Site; c) Mathis Marble Top Site; and d) Memphis Site. *See* Orlando Declaration, Exhibit B, p. 4.

**Response:**     Velsicol admits that International filed a motion for summary judgment in the Illinois State Court Action.

10.     On October 19, 2006, the trial court in the Illinois State Court Action granted International's motion for summary judgment pursuant to 735 ILCS 5/2-1005 based on late notice as to all of the sites at issue in the motion including each of the four above-referenced sites; Marshall Site; Mathis Shaver's Farm Site; Mathis Marble Top Site; and Memphis Site. *See* Orlando Declaration, Exhibit C, p. 7 ("[W]e grant [International's] motion for summary judgment concerning certain sites as set forth in [International's] motion.").

**Response:**     Velsicol admits that the trial court granted partial summary judgment in favor of International.

11.     Velsicol never sought an appeal of the trial court's October 19, 2006 summary judgment ruling which thereafter became a final judgment after the Illinois State Court Action was dismissed on January 15, 2008. *See* Orlando Declaration, Exhibit F, p. 3, Request No. 7.

**Response:**     Velsicol admits that it did not appeal from the interlocutory order before voluntarily dismissing its claims against International.

12.     Additionally, on January 15, 2008, the trial court entered an agreed order stating that all claims and counterclaims as between Velsicol and International (among others) were voluntarily dismissed, without prejudice. *See* Orlando Declaration, Exhbit D, p. 1 and Exhibit F, pp. 304, Request No. 8.

**Response:**     Velsicol admits the allegations set forth in paragraph 12.

13.     Velsicol and International also entered into a tolling agreement ("Tolling Agreement") effective January 15, 2008 which stated, in pertinent part, in paragraph 4 as follows:

> 4.  The Parties acknowledge herein that the claims alleged in the Lawsuit are subject to statutory limitations and repose periods.  Accordingly, the Parties, after dismissal without prejudice, **shall have one year following date of dismissal of the Lawsuit,** in which to re-file the Lawsuit.  The one-year-period may be

extended only by a written agreement signed by all of the Parties… (Emphasis added).

*See* Orlando Declaration, Exhibit E, p. 2 and Exhibit F, p. 4, Request No. 10.

**Response:**      Velsicol admits that it entered into a tolling agreement with International effective January 15, 2008 and that the paragraph cited was incorporated in that agreement.

14.      The one-year deadline to refile the lawsuit expired on January 15, 2009 and Velsicol failed to file any such lawsuit in the Circuit Court of Cook County prior to that time. *See* Orlando Declaration, Exhibit F, p. 5, Request No. 12.

**Response:**      Velsicol objects to paragraph 14 as it is not a statement of fact but is a statement of law. Further responding, Velsicol denies the allegation set forth in paragraph 14 as it is an inaccurate statement of the applicable law. *See* 735 ILCS 5/13-206; 735 ILCS 5/13-217. Velsicol admits it did not file a lawsuit in the Circuit Court of Cook County, Illinois against International during the period from January 15, 2008 through January 15, 2009.

15.      Likewise, the one-year period to refile the lawsuit was never extended by any written agreement of the parties to the Tolling Agreement.  *See* Orlando Declaration, Exhibit F, pp. 4-5, Request No. 11.

**Response:**      Velsicol admits that the parties did not enter into a written extension of the Tolling Agreement, but denies the remaining allegations of paragraph 15 on the basis it mischaracterizes the applicable limitations period.  *See* 735 ILCS 5/13-206; 735 ILCS 5/13-217.

16.      On March 25, 2015, Velsicol filed a sixteen-count  Complaint against Westchester, involving many of the same issues and sites at issue in the Illinois State Court Action.  *See* ECF 1.

**Response:**      Velsicol denies the allegations of paragraph 16. Velsicol admits that its current lawsuit and the Illinois State Court Action each address contractual obligations owed under an

insurance policy written by International Insurance Company. *See* Velsicol admits that the two lawsuits also involve insurance coverage disputes pertaining to claims that arose at some of the same sites. But Velsicol's claims in the present action are against Westchester, an entity that had assumed the rights and obligations that had been owed under the International Policy, and had assumed those rights and obligations prior to the commencement of the State Lawsuit. *See* ECF Doc. 1; Stmt. Add'l. Facts, ¶3.

17.     On June 19, 2015, Westchester filed its Amended Answer and Affirmative Defenses. *See* ECF 21.

**Response:**     Velsicol admits that International has not yet accepted Velsicol's tender of its defense in the Acevedo case.

18.     As part of those affirmative defenses, Westchester asserted affirmative defenses of *res judicata,* waiver, collateral estoppel, and the statute of limitations. *Id.*

**Response:**     Velsicol admits the allegation of paragraph 18.

19.     Many of the same sites giving rise to this case were sites previously litigated in the Illinois State Court Action. Specifically, the following five sites are named in both the current case and in the prior Illinois State Court Action:

| Site Name | Count Number in the Illinois State Court Action (Ex. A) | Count Number in the Case at Bar (ECF 1) |
| --- | --- | --- |
| Chattanooga Site | Counts 7-8 | Counts VI and XIV |
| Marshall Site | Counts 29-30 | Count VIII |
| Mathis Shaver's Farm Site | Counts 37-30 | Count IX |
| Mathis Marble Top Site | Counts 35-36 | Counts X and XI |
| Memphis Site | Counts 39-40 | Counts XI and XVI |

**Response:**     Velsicol admits that claims pertaining to the sites referenced in this paragraph were at issue in the Illinois State Court Action.

7

20. For Counts III and IV , Velsicol admits in the Complaint that in 2001, the plaintiff in the *Acevedo* Case amended his complaint to add Velsicol as a party. *See* ECF 1, ¶ 85.

**<u>Response:</u>** Velsicol admits the allegation of paragraph 20.

21. After becoming aware of the *Acevedo* Case in 2001, Velsicol tendered the claim to its insurers including International. *Id., ¶* 90

**<u>Response:</u>** Velsicol admits the allegation of paragraph 21.

22. International failed to accept Velsicol's tender of its defense in the *Acevedo* Case. *Id.,* ¶ 97.

**<u>Response:</u>** Velsicol admits that International has not yet accepted Velsicol's tender of its defense in the Acevedo case.

23. Velsicol was joined as a party in the matter of *United States of America v Monsanto Company, William Bell, and Robert Meeks,* Case No. 86-2862 pending in the United States District Court for the Western District of Tennessee, Western Division (the "Arlington Blending Litigation") pertaining to a site known as the Arlington Blending and Packaging Superfund Site in Arlington, Shelby County, Tennessee (the "Arlington Blending Site"). *See* ECF 1, ¶ 112.

**<u>Response:</u>** Velsicol admits the allegation of paragraph 23.

24. Velsicol was identified as a potentially responsible party for the contamination of the environmental conditions at the Arlington Blending Site in 1991 including as the manufacturer and supplier of the chlordane at issue as well as of other chemicals found at the Arlington Blending Site. *Id.,* ¶ 115.

**<u>Response:</u>** Velsicol admits the allegation of paragraph 24.

8

25.     Velsicol then tendered its defense of the claims relating to the Arlington Blending Site to its insurers, including International, before August 16, 1996. *Id*, ¶¶ 119, 122.

**Response:**     Velsicol admits that it tendered the defense of the claim asserted against it to International and that International had notice of the claim prior to January 6, 1997. *See* Goodman Dec. McLaughlin Dep., Ex. 1, West 015044.

26.     International failed to accept Velsicol's tender.  *Id.* ¶ 120.

**Response:**     Although Velsicol asserts that International failed to respond to Velsicol's tender of the claim that had been tendered to it, Westchester, having assumed responsibility for the obligations undertaken by International under the insurance policy that it sold to Velsicol, denied that it failed to respond to the claim. *See* Amended Answer, Doc. # 21, ¶ 120.

27.     Velsicol's releases of wastewater into Cypress Creek released pesticide contamination into the soils and sediments along the creek.  *See* ECF 1, ¶ 154.

**Response:**     Velsicol admits the allegation of paragraph 27.

28.     "In 2003 and 2004", Velsicol agreed to settlements for the State of Tennessee's past Superfund expenses related to Cypress Creek and the remediation of the environmental conditions alleged to have been caused by Velsicol.  *Id.* at ¶ 158.

**Response:**     Velsicol admits the allegation of paragraph 28.

29.     Velsicol tendered the claim related to the property damage resulting from the discharge of wastewater into Cypress Creek (the "Cypress Creek Claim") to its insurers, including International.  *Id.,* ¶ 165.

**Response:**     Velsicol admits the allegation of paragraph 29.

30.     International failed to accept Velsicol's tender of its defense in the Cypress Creek Claim.  *Id.,* ¶ 170.

**Response:**     Velsicol admits it does not believe that Westchester accepted the claim submitted to it pertaining to Cypress Creek and that is described with greater particularity in Velsicol's complaint in this action, but Westchester denies the accuracy of that assertion. *See* Amended Answer, Doc. # 21, ¶ 170.

Dated: September 9, 2016

VELSICOL CHEMICAL, LLC

By: ___/s/ David B. Goodman_____
      One of its Attorneys

David B. Goodman – dbg@greensfelder.com
ARDC#6201242
Thadford A. Felton – taf@greensfelder.com
ARDC#6224896
Courtney A. Adair – cadair@greensfelder.com
200 West Madison Street  Suite 3300
Chicago, Illinois  60606
Telephone:  312-419-9090

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on September 9, 2016, he served this document by filing it with the Court's CM/ECF system, which will make copies of the documents available to counsel of record identified below, and by email to:

> Michael R. Orlando
> Cohn Baughman & Martin
> 333 West Wacker Drive
> Suite 900
> Chicago, Illinois 60606

　　　　　　　　　　　　　　　　　　　　/s/ David B. Goodman
　　　　　　　　　　　　　　　　　　　　David B. Goodman

11