UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VELSICOL CHEMICAL, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. 15-cv-2534 |
| WESTCHESTER FIRE INSURANCE COMPANY, | ) |
| as successor in interest to | ) |
| INTERNATIONAL INSURANCE COMPANY, | ) Judge John W. Darrah |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Velsicol Chemical, LLC ("Velsicol") filed a Complaint, alleging breach of contract against Defendant Westchester Fire Insurance Company ("Westchester"). Defendant filed a Motion for Partial Summary Judgment [49] of Counts III through XVI of Plaintiff's Complaint. For the reasons set forth below, Defendant's Motion [49] is granted in part and denied in part.

## **LOCAL RULE 56.1**

Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the party contends there is no genuine issue for trial." *Ammons v. Aramark Uniform Servs.*, 368 F.3d 809, 817 (7th Cir. 2004). Local Rule 56.1(b)(3) requires the nonmoving party to admit or deny every factual statement proffered by the moving party and to concisely designate any material facts that establish a genuine dispute for trial. *See Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). A nonmovant's "mere disagreement with the movant's asserted facts is inadequate if made without reference to specific supporting material." *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). In the case of any disagreement, the nonmoving party must reference affidavits, parts of the record, and other

materials that support his stance. Local Rule 56.1(b)(3)(B). To the extent that a response to a statement of material fact provides only extraneous or argumentative information, this response will not constitute a proper denial of the fact, and the fact is admitted. *See Graziano v. Vill. of Oak Park*, 401 F. Supp. 2d 918, 936 (N.D. Ill. 2005). Similarly, to the extent that a statement of fact contains a legal conclusion or otherwise unsupported statement, including a fact that relies upon inadmissible hearsay, such a fact is disregarded. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997). Pursuant to Local Rule 56.1(b)(3)(C), the nonmovant may submit additional statements of material facts that "require the denial of summary judgment."

A district court is entitled to expect strict compliance with Rule 56.1; substantial compliance is not enough. *Ammons*, 368 F.3d at 817. "When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion." *Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 218 (7th Cir. 2015) (quoting *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009)).

## BACKGROUND

The following facts are taken from the parties' statements of undisputed material facts submitted in accordance with Local Rule 56.1.

Velsicol is a limited-liability company with its principal place of business in Rosemont, Illinois. (Compl. ¶ 4.) Prior to September 30, 2008, Velsicol was known as Velsicol Chemical Corporation and was a Delaware corporation with its principal place of business in Rosemont, Illinois. (Compl. ¶ 4.)

Velsicol purchased insurance policy number 523 2388653 (the "Policy") from International Insurance Company ("International"). The Policy covered the period of January 1, 1983, through January 1, 1986. (Compl. ¶ 17.) Velsicol was a subsidiary of Northwest Industries, Inc. at the time it purchased the Policy. Northwest Industries, Inc. sold Velsicol to Velsicol's current management in or about 1986. Northwest Industries, Inc. subsequently changed its name to Fruit of the Loom, Inc. (Compl. ¶ 5.)

Westchester is a Pennsylvania corporation that transacted business within the state of Illinois at all times relevant to this case. (Dkt. 64, ¶ 5.) Pursuant to the terms of an Assumption and Indemnity Reinsurance Agreement, Westchester assumed responsibility for the Policy in 1993. (*Id.* ¶ 3.)

On or about October 15, 1998, Velsicol was joined as a plaintiff in an action pending in the Circuit Court of Cook County, Illinois ("Illinois State Court Action"). (*Id.* ¶ 6.) In the Illinois State Court Action, Velsicol alleged claims for declaratory judgment and/or breach of contract against, among others, International. (*Id.* ¶ 7.) Velsicol sought defense and indemnity coverage under the Policy as to numerous sites, including certain sites at issue in this case. (*Id.* ¶ 8.) On July 25, 2006, International filed a motion for summary judgment in the Illinois State Court Action. (*Id.* ¶ 9.) International argued that Velsicol failed to provide timely notice of certain claims to International and that this failure resulted in a breach of the notice provision in the Policy. (*Id.*) On October 19, 2006, the trial court in the Illinois State Court Action granted International's motion for summary judgment. (*Id.* ¶ 10.) Velsicol did not appeal the ruling and voluntarily dismissed its claims against International on January 15, 2008. (*Id.* ¶ 11.) On that same date, an order was entered, stating that all claims and counterclaims between Velsicol, and

International, among others, were voluntarily dismissed without prejudice. (*Id.* ¶ 12.) Westchester was not a named party in the Illinois State Court Action and International did not file any pleading relating to the Assumption and Indemnity Reinsurance Agreement. (Dkt. 1, ¶ 4.)

Velsicol and International also entered into a tolling agreement, effective January 15, 2008, which stated that "the Parties, after dismissal without prejudice, shall have one year following date of dismissal of the [l]awsuit, in which to re-file the [l]awsuit." (Dkt. 64, ¶ 13.) The tolling agreement also stated that the one-year period could only be extended by a written agreement signed by all of the parties. (*Id.*) Velsicol did not file a lawsuit in the Circuit Court of Cook County, Illinois against International during the period from January 15, 2008, through January 15, 2009. (*Id.* ¶ 14.) The parties did not enter into a written extension of the tolling agreement. (*Id.* ¶ 15.) On March 25, 2015, Velsicol filed this Complaint against Westchester. Claims pertaining to many of the sites giving rise to this case were also at issue in the Illinois State Court Action. (*Id.* ¶ 19.)

## LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Courts deciding summary judgment motions must view facts "in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the initial

burden of establishing that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this burden, "[t]he nonmoving party must point to specific facts showing that there is a genuine issue for trial." *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009). Factual disputes do "not preclude summary judgment when the dispute does not involve a material fact." *Burton v. Downey*, 805 F.3d 776, 783 (7th Cir. 2015). The evidence must be such "that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson*, 477 U.S. at 248).

## ANALYSIS

Westchester argues that it is entitled to partial summary judgment of Counts III through XVI of Plaintiff's Complaint because it alleges that several claims were previously adjudicated in the Illinois State Court Action so that *res judicata* applies. Also, Westchester argues several claims are time-barred under Illinois' statutory one-year refiling period or Illinois' ten-year statute of limitations.

### *Res Judicata*

The trial court in the Illinois State Court Action granted summary judgment to International on claims arising from four of the same sites for which Velsicol brings claims here: (1) Marshall Site (Count VIII); (2) Mathis Shaver's Farm Site (Count IX); (3) Mathis Marble Top Site (Counts X and XV): and (4) Memphis Site (Counts XI and XVI). "For *res judicata* to apply, there must be (1) a final judgment on the merits rendered by a court of competent jurisdiction, (2) the same cause of action, and (3) the same parties or their "privies. If the three elements necessary to invoke *res judicata* are present, *res judicata* will bar not only every matter

that was actually determined in the first suit, but also every matter that might have been raised and determined in that suit." *Chicago Title Land Trust Co. v. Potash Corp. of Saskatchewan Sales*, 664 F.3d 1075, 1079 (7th Cir. 2011) (quoting *Hudson v. City of Chicago,* 228 Ill.2d 462, 321 Ill.Dec. 306, 889 N.E.2d 210, 215 (2008).

The parties dispute whether privity exists between Westchester and International because Westchester was not a named party in the Illinois State Court Action. Privity exists between parties who adequately represent the same legal interests. *Chicago Title Land Trust* , 664 F.3d at 1080; *People ex rel. Burris v. Progressive Land Developers*, 602 N.E.2d 820, 825 (Ill. 1992). In determining privity, it is the identity of the interest that controls, not the "nominal identity of the parties." *Id.* Westchester assumed all of International's rights and obligations under the Policy in 1993. As mentioned above, claims arising from four of the same sites at issue here were also at issue in the Illinois State Court Action. These claims involved the insurer's obligations under the Policy, which is also at issue in this case. Westchester, as the party responsible for the Policy, has a legal interest in any claims regarding Velsicol's coverage under the Policy.

Velsicol argues International cannot be Westchester's privy because Westchester assumed International's rights and obligations under the Policy several years before the Illinois State Court Action was filed and, thus, International had no rights or obligations to Velsicol while the state litigation was ongoing. This argument is unpersuasive.

Whether or not Velsicol brought suit against the proper party is irrelevant to whether International represented the same legal interests as Westchester. It is undisputed that International participated in the Illinois State Court Action even though Westchester had assumed International's rights and responsibilities under the Policy. There is no evidence that

6

International argued that it was not the proper party, or that it did not have a legal interest in Velsicol's claims of coverage under the Policy. The Illinois State Court Action involved obligations owed to Velsicol under the Policy, and Westchester assumed the rights and obligations of that Policy. Thus, privity exists between Westchester and International.

"[S]eparate claims will be considered the same cause of action for purposes of *res judicata* if they arise from a single group of operative facts." *Chicago Title Land Trust Co.*, 664 F.3d at 1079. The Policy at issue, the relevant sites, and the causes of action for declaratory judgment and/or breach of contract brought by Velsicol are the same in the Illinois State Court Action and the present case. Thus, the Illinois State Court Action is the same cause of action for purposes of *res judicata.* Finally, the state trial court issued an order granting partial summary judgment of Velsicol's claims in the Illinois State Court Action in October of 2006. The Illinois State Court Action was then voluntarily dismissed on January 15, 2008. The summary judgment ruling then became a final judgment on the merits. *See Estate of Cooper ex rel. Anderson v. Humana Health Plan, Inc.,* 789 N.E.2d 361, 365 (2003). As all three elements necessary for *res judicata* are present, Westchester's Motion for Summary Judgment of Counts VIII, IX, X, XI, XV and XVI of Velsicol's Complaint is granted. [1]

*Statute of Limitations*

Velsicol voluntarily dismissed all remaining claims against International on January 15, 2008. The remaining claims dismissed included claims relating to the Chattanooga Site. Westchester now argues that pursuant to 735 ILCS 5/13-217, Velsicol was required to

---

[1] The parties make several arguments as to whether Velsicol provided timely notice of its claims regarding four sites to either International or Westchester. This issue was decided by the state trial court in the Illinois State Court Action and will not be addressed here.

bring any claims relating to that site within one year but failed to do so. Westchester further argues that the parties are subject to a tolling agreement that also required Velsicol to re-file its claims within one year.

735 ILCS 5/13-217 states that a plaintiff may re-file claims that it voluntarily dismissed "within one year or within the remaining period of limitation, whichever is greater…" Velsicol argues that the appropriate statute of limitations period is not the one year prescribed by the statute, but the ten-year statute of limitations for breach of contract claims. *See* 735 ILCS 5/13-206. Velsicol further argues that the statute of limitations in this case was not triggered because Westchester's obligations under the Policy are not yet due; thus, Westchester has not yet breached its contract. Velsicol alleges in its Complaint that Westchester breached its contractual obligations to Velsicol in connection with claims relating to the Chattanooga Site. (Compl. ¶ 149.) Velsicol cannot now argue that the statute of limitations has not been triggered because Westchester has not yet failed to meet its obligations under the Policy. However, there are clearly genuine issues of material fact as to the appropriate statute of limitations period, the applicability of the tolling agreement, and the date the statute-of-limitations period began. Thus, Defendant's Motion for Summary Judgment of Counts VI and XIV is denied.[2]

Finally, Westchester argues that the allegations in Velsicol's Complaint demonstrate that

---

[2] Westchester also argues that summary judgment should be granted as to claims related to the Chattanooga Site (Counts VI and XIV) because of the doctrine of collateral estoppel. Collateral estoppel requires that there be a final judgment on the merits in the prior adjudication. *Turner v. Illinois Dep't of Corr.*, No. 15 CV 4537, 2016 WL 1392329, at *2 (N.D. Ill. Apr. 8, 2016). By Westchester's own admission, the Chattanooga Site claims were dismissed voluntarily and not part of the motion for summary judgment in the Illinois State Court Action. Thus, the doctrine of collateral estoppel does not apply to Counts VI and XIV of Velsicol's Complaint.

the statute of limitations has expired for all breach-of-contract and declaratory-judgment claims relating to Counts III, IV, V, VII, XII, and XIII. Pursuant to 735 ILCS 5/13-206, there is a ten-year statute of limitations period under Illinois law for actions on written contracts. While the Complaint does allege a few reference dates for each claim, it does not provide any dates on which Westchester allegedly breached its obligations to Velsicol. There is a genuine issue of material fact as to when the statute of limitations period began to run for these counts. Westchester's Motion for Summary Judgment as to Counts III, IV, V, VII, XII, and XIII is denied.

## CONCLUSION

For the foregoing reasons, Westchester's Motion for Summary Judgment [49] is granted as to Counts VIII, IX, X, XI, XV and XVI and denied as to Counts III, IV, V, VI, VII, XII, XIII, and XIV.

Date: _____March 6, 2017_____ /s/ _____
JOHN W. DARRAH
United States District Court Judge