# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| VELSICOL CHEMICAL, LLC | ) |
| | ) No. 15-cv-2534 |
| v. | ) |
| | ) Judge Amy J. St. Eve |
| WESTCHESTER FIRE INSURANCE COMPANY, | ) |
| as successor in interest to | ) |
| INTERNATIONAL INSURANCE COMPANY | ) |

## MEMORANDUM OPINION & ORDER

On March 6, 2017, the court[1] denied Defendant Westchester Fire Insurance Company's ("Westchester") motion for summary judgment on Counts VI and XIV of Plaintiff Velsicol Chemical's ("Velsicol") Complaint finding that there were genuine issues of fact as to whether the parties' tolling agreement and Illinois statutory law barred Velsicol from bringing claims relating to a remediation site in Chattanooga, Tennessee (the "Chattanooga Site"). Westchester has now filed the present motion for reconsideration pursuant Federal Rule of Civil Procedure 59(e). For the following reasons, the Court denies Westchester's motion for reconsideration.

## BACKGROUND

This case arises from Westchester's refusal to offer Velsicol insurance coverage for certain sites at issue in this case under insurance policy number 523 2388653 (the "Policy"). The Court presumes the parties' familiarity with the background of this case, but briefly recites the background relevant to this motion.

---

[1] Judge Darrah issued the summary judgment opinion at issue here. On March 27, 2017, the Executive Committee assigned this case to this Court.

In 1998, Velsicol joined a lawsuit in Illinois state court against International, Westchester's predecessor in interest to the Policy, alleging claims for breach of contract and declaratory judgment. (R. 65, ¶ 5.) On October 19, 2006, the trial court in the Illinois state court action granted International's motion for summary judgment. (*Id.* ¶ 10.) Velsicol did not appeal the ruling and voluntarily dismissed its claims against International on January 15, 2008. (*Id.* ¶ 11.) Westchester was not a named party in the Illinois action.

Velsicol and International also entered into a tolling agreement (the "Tolling Agreement"), effective January 15, 2008, which provided, in relevant part, that "the Parties, after dismissal without prejudice, shall have one year following date of dismissal of the [l]awsuit, in which to re-file the [l]awsuit." (*Id.* ¶ 13.) The Tolling Agreement also stated that the parties could only extend the one-year period in which they could re-file the lawsuit by reaching a written agreement signed by all of the parties. (*Id.*) Velsicol did not file a lawsuit in the Circuit Court of Cook County, Illinois against International during the period from January 15, 2008, through January 15, 2009. (*Id.* ¶ 14.) The parties did not enter into a written extension of the tolling agreement. (*Id.* ¶ 15.) On March 25, 2015, Velsicol filed this Complaint against Westchester. Claims relating to many of the sites giving rise to this case were also at issue in the Illinois state court lawsuit. (*Id.* ¶ 19.)

In August 2016, Westchester filed a motion seeking summary judgment on Counts VI and XIV of Velsicol's Complaint. Westchester argued that it was not liable for Velsicol's expenses in relation to the Chattanooga Site because the Tolling Agreement and Illinois statutory law barred Velsicol from bringing claims relating to the Chattanooga Site filed more than one year after Velsicol voluntarily dismissed its prior lawsuit. On March 6, 2017, the court denied Westchester's motion for summary judgment. The court found that there were "genuine issues

of material fact as to the appropriate statute of limitations period, the applicability of the tolling agreement, and the date the statute-of-limitations period began." (R. 97, March 6, 2017 Opinion.) Westchester now asks the Court to reconsider that finding.

## LEGAL STANDARDS

The Federal Rules of Civil Procedure do not specifically provide for motions to "reconsider," and courts analyze such motions differently depending on whether the subject of the motion is an interlocutory order or a final judgment. Since the court's order denying Westchester's motion for partial summary judgment did not dispose of all claims and parties, it amounted to an interlocutory order, and courts have inherent authority under Rule 54(b) to reconsider interlocutory orders "at any time before entering a final judgment." *Wiegel v. Stork Craft Mfg., Inc.*, 891 F. Supp. 2d 941, 944 (N.D. Ill. 2012).[2] Thus, the Court has "discretionary authority" to reconsider the prior interlocutory order. *Galvan v. Norberg*, 678 F.3d 581, 587 (7th Cir. 2012).

Nevertheless, the Seventh Circuit has long cautioned that appropriate issues for reconsideration "rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). Motions to reconsider are not a proper vehicle for "rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Instead, motions for reconsideration under Rule 54(b) "serve the limited function of correcting manifest

---

[2] Notably, if the court's order had been a final judgment, the time limitations in Rule 59(e) and Rule 60(b) would bar Westchester's motion, which it filed nine months after the court's initial order. *See* Fed. R. Civ. P. 59(e) (requiring that parties file motions to alter or amend a judgment within 28 days of the judgment); Fed. R. Civ. P. 60(b) (requiring that parties file motions for relief from judgment within a "reasonable time").

3

errors of law or fact or to presenting newly discovered evidence." *Patrick v. City of Chicago*, 103 F. Supp. 3d 907, 911–12 (N.D. Ill. 2015). A manifest error of law or fact occurs "when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it." *United States v. Ligas*, 549 F.3d 497, 501–02 (7th Cir. 2008) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). "To be within a mile of being granted, a motion for reconsideration has to give the tribunal to which it is addressed a reason for changing its mind." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004). A party seeking reconsideration "bears a heavy burden," *Patrick*, 103 F. Supp. 3d at 912, and the decision whether to grant a motion to reconsider "is a matter squarely within the Court's discretion." *Darvosh v. Lewis*, No. 13 C 4727, 2015 WL 5445411, at *3 (N.D. Ill. Sept. 11, 2015) (citing *Caisse Nationale*, 90 F.3d at 1270).

## ANALYSIS

Westchester argues that, in its March 6, 2017 Opinion, the court conflated two of its arguments for summary judgment as to the Chattanooga Site claims—(1) that 735 ILCS 5/13-217, an Illinois statute requiring that a party re-file claims that it voluntary dismissed "within one year or within the remaining period of limitation, whichever is greater," bars Velsicol's claims, and (2) that the parties' Tolling Agreement also independently bars Velsicol's claims. Westchester does not contest the court's finding that there were genuine issues of material fact as to the date the statute of limitations began under Illinois statutory law. Instead, it claims that by conflating its two waiver arguments, the court failed to adequately consider its Tolling Agreement argument and thus, failed to recognize that it is undisputed that the Tolling

Agreement provides for a one-year re-filing deadline of January 15, 2009, which Velsicol failed to meet.

Westchester's arguments, made nine months after the court issued its Opinion, are unpersuasive. Westchester has not identified any newly discovered evidence or changes in applicable law. Instead, Westchester argues that the court failed to consider or correctly interpret the Tolling Agreement. Contrary to Westchester's argument, the court explicitly considered the Tolling Agreement in its Opinion and found that there were genuine issues of material fact as to its applicability. As Velsicol noted in its Response to Westchester's motion for reconsideration, those disputed issues include, critically, whether the Tolling Agreement, taken as a whole, was intended to serve as a deadline on the timing of future claims or an extension of the statute of limitations, whether the Tolling Agreement constituted a waiver of claims filed after its re-filing deadline, and whether the Tolling Agreement altered the re-filing requirements of Illinois statutory law. Given these issues, Westchester has failed to meet its "heavy burden" of establishing that the court's prior ruling that there were disputed issues as to the applicability of the Tolling Agreement was incorrect or that the court misunderstood the parties' arguments. *Patrick*, 103 F. Supp. 3d at 912. As discussed above, a motion to reconsider is not the proper vehicle for "rehashing previously rejected arguments," and here, the court considered the parties' arguments regarding the Tolling Agreement and found that there were disputed issues of fact as to its applicability. *Caisse Nationale*, 90 F.3d at 1270.

Accordingly, the Court denies Westchester's motion to reconsider.

**Dated:** December 29, 2017

AMY J. ST. EVE
United States District Court Judge